**ADMIRAL INSURANCE COMPANY,**
Plaintiff—Appellee,

v.

**J. Dale DEBBER; Lorna Martin; Data Control Corporation; Aristos Academy; Compline, LLC; Providence Publications, LLC; Real Consulting & Software Development, LLC; Debber Family Foundation, Defendants—Appellants.**

No. 06–16944.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed Sept. 26, 2008.

Robert D. Hoffman, Charlston Revich & Wollitz, LLP, Los Angeles, CA, for Plaintiff–Appellee.

Kent R. Keller, Barger & Wolen, LLP, Los Angeles, CA, for Defendants–Appellants.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON *, District Judge.

MEMORANDUM **

Under California law, "a material misrepresentation or concealment in an insur-

ance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." *West Coast Life Ins. Co. v. Ward,* 132 Cal.App.4th 181, 33 Cal.Rptr.3d 319, 323 (Ct.App.2005). The district court properly concluded that Appellants were required to disclose material information—namely two harassment and discrimination claims against Data Control Corporation which were initiated in 1998 and concluded in 1999 and 2001—in their 2002 and 2003 applications for Employment Practice Liability Insurance Policies ("EPLI Policies"). Because Appellants failed to do so, the district court correctly concluded that the insurer, Appellee ("Admiral"), was entitled to rescind the EPLI Policies *ab initio*.

1. We review a district court's decision on cross motions for summary judgment de novo, applying the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *Pocatello Educ. Ass'n v. Heideman,* 504 F.3d 1053, 1056 (9th Cir.2007). We must determine whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We may affirm the district court's grant of summary judgment on any ground supported by the record. *Heideman,* 504 F.3d at 1056.

2. A *de novo* review of the record confirms that Appellants failed to disclose material information in response to Question No. 13 of the 2002 insurance application which asked Appellants whether "[i]n the last 5 years ... any current or former

---

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Employee or third party made any Claim, or otherwise alleged discrimination, harassment, wrongful discharge and/or Wrongful Employment Act(s) against the Insured Entity or its directors, officers, or Employees." Furthermore, Admiral did not waive its right to rescind by issuing a binder based on a renewal application prepared for Appellants' existing EPLI carrier where the binder stated that a condition precedent for issuance of an Admiral EPLI policy required Appellant to complete an Admiral application. Nor was rescission barred by Admiral's nine month delay in issuing the policy where the delay was primarily caused by Appellants' dilatory response to Admiral's request for supplemental information. The district court correctly concluded that the 2002 Policy was subject to rescission.

3. The district court also correctly concluded that the 2003 Policy was subject to rescission because Appellants failed to disclose material information in the 2003 renewal application. The clear and reasonable reading of Question 12 of the renewal application required disclosure of any lawsuit, charge, inquiry or investigation that the insured, its directors, officers or employees had been involved in during the previous five years. The question was not ambiguous and required disclosure of the 1998 claims. Appellants' remaining contentions are without merit.

4. Finally, the district court properly denied Appellants' cross-motion for summary judgment because even if Admiral had unreasonably delayed in notifying Appellants of its intent to rescind, the district court correctly concluded that Appellants failed to meet their burden in affirmatively demonstrating prejudice. *See Bono v. Clark*, 103 Cal.App.4th 1409, 128 Cal.

Rptr.2d 31, 38 (Ct.App.2002). Accordingly, the district court correctly found that Admiral's action for rescission was not barred by the doctrine of laches.

**AFFIRMED.**